## THE INHABITANTS OF PRINCETON *vs.* WILLIAM H. MOUNT.

1. An action against a municipal corporation cannot be brought in the court for the trial of small causes.

2. If an overseer of the poor grant relief without an order from a justice of the peace, he cannot recover from the township the amount expended

*Certiorari* to Mercer Pleas.

Argued before Justices HAINES and VAN DYKE.

HAINES, J.   William H. Mount, the defendant in *certio-rari*, brought his action in a court for the trial of small causes against the plaintiffs in *certiorari* to recover the price of boarding furnished by him to a poor person at the request of the overseers of the poor of the township, and recovered judgment for the same.

This judgment, in my opinion, cannot be maintained.

*First.* Because a justice of the peace sitting in a court for the trial of small causes has no jurisdiction over the inhabitants of a township in their corporate capacity.

The act of 21st February, 1798, by its second section, re-enacted in every subsequent revision, and found in *Nixon* 833, § 8, provides that where any suit shall be instituted against any township, a copy of the summons, precept, or such other legal process as shall be issued against such township, shall be left with the clerk thereof thirty days, at least, before the session of the court to which the same shall be returnable.   This section contemplates some other court than that for the trial of small causes; for if that court can be said to have a session within the meaning of the act, it has no power to issue a summons returnable for less than five, nor for more than fifteen days.

The act incorporating the inhabitants of the several townships, (*Nixon* 831,) constitutes each of them a body politic and corporate; and the 76th section of the act constituting courts for the trial of small causes provides that any body politic or corporate shall and may be liable to be sued in that court.   But it is obvious that this has no relation to municipal corporations.   That section directs the summons to be served on the president, cashier, or clerk of the corporation.   A municipal corporation has neither a president nor a cashier.   It has a clerk, but not such a clerk as is intended by this section; for it further

provides, that if the president, cashier or clerk is not found, the process may be served on any of the directors or managers of the corporation. As the township has no such officers as directors or managers, it cannot be the kind of corporation here meant.

In the case of *Saddle River* v. *Colfax*, 1 *Halst.* 115, an action against the inhabitants of a township in a court for the trial of small causes was sustained, and the judgment affirmed by this court; but the question of jurisdiction was not raised, and it does not appear that it received any consideration from the court, but the case was determined entirely upon other points. It cannot therefore rule this case.

*Secondly.* This action cannot be maintained for want of proof of the liability of the defendants below.

There was evidence that a person acting as overseer of the township agreed with the plaintiff below for the board of a person who was said to be necessitous, but for whose relief no order of a justice of the peace was shown to have been obtained.

The 9th section of the act for the settlement and relief of the poor, (*Nixon* 609,) requires that a justice of the peace shall give an order in writing to the overseer of the poor to make such allowance as the justice, in his discretion, shall think the necessities of such poor person may require; and the overseer is forbidden to make any other or further allowance than what by such order shall be directed. And the 10th section provides that if the overseer of the poor shall relieve any such poor person without such order, he shall forfeit all the money or goods paid or distributed to such person, and shall have no allowance made to him for the same on passing his account.

If it be said that the overseer was the agent of the township, and so bound his principal by the contract for the board, the answer is obvious, that in this respect he was not acting within the scope of his authority. He was

VOL. V.                         T

the overseer of the poor of the township; but who are the poor over whom he had charge? Clearly only those who are lawfully adjudged to be so; as was held in the case of *Sayres* v. *The Inhabitants of Springfield,* 3 *Halst.* 170.

The overseer can relieve or provide for none but such as may, on investigation, be determined to be the poor of the township or necessitous, and then only to the extent of the order; and if he does otherwise he cannot commit the township, nor be allowed for it on the settlement of his accounts.

For these reasons the judgment must be reversed.

VAN DYKE, J., concurred.

CITED *in Mayor, &c., of Jersey City* v. *Horton,* 9 *Vr.* 92.